IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BLANCHE A. ROBERTS,

        Plaintiff,                  No. CIV 2:11-cv-2207-JAM-JFM

    vs.

ROSEVILLE POLICE DEP'T, *et al.*,

        Defendants.           <u>ORDER</u>

                                  /

        Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.

6    A complaint, or portion thereof, should only be dismissed for failure to state a
7 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
9 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15    In the complaint filed August 19, 2011, plaintiff alleges that on August 19, 2009,
16 she was accused of drinking and driving by a mall security guard inside the parking structure at
17 the Galleria Mall, purportedly in Roseville, California. Roseville City Police officers were
18 contacted and five officers, including officers Eastman and Simon and Christian, reported to the
19 scene. Plaintiff was administered eight field sobriety tests. The final test was a balance test
20 where plaintiff was asked to align her feet, raise one foot over the other at a height of 12 inches,
21 raise arms to shoulder-height with palms up, tilt head back and close her eyes. Plaintiff was told
22 that if she felt like she was going to fall, then she should tell the officers. Plaintiff immediately
23 began to fall and told the officers "I'm falling." Plaintiff contends that no one assisted her when
24 she fell. Plaintiff asserts that the officers breached their duty of care, subjected her to undue
25 harm, used excessive force in administering eight field sobriety tests, fabricated evidence in their
26 police reports and made false claims as to plaintiff's innocence. Plaintiff seeks damages for

medical, psychological and financial losses incurred as a result of this incident.  Plaintiff names Officers Eastman, Simon and Christian as individual defendants.  Plaintiff also names the Roseville Police Department as a defendant.

A.     Individual Officers

Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983).  "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citation omitted).).

Here, plaintiff alleges the individual officers breached their duty of care, subjected her to undue harm, used excessive force in administering eight field sobriety tests, fabricated evidence in their police reports and made false claims as to her innocence.  Plaintiff's allegations, however, are scarce.  The court, thus, finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants

engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

B.    Municipal Liability

Municipalities may be liable under Section 1983, and police departments are, as a general matter, separately suable entities that may be liable for civil rights violations. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 n.2 ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.") (citing Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986)); accord Street v. County of L.A., 236 F.3d 552, 565 (9th Cir. 2001). The standards governing the liability of a municipality differ from those that govern the liability of individuals who acted under color of state law.

Relevant here, in Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court limited municipal liability and held that "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Id. at 691. Instead, "[l]ocal governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690 (footnote omitted). The Court further stated that "it is when execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 693; see also Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.").

/////

The Ninth Circuit Court of Appeals has held that in order to establish municipal liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005) (citation and quotation marks omitted, modification in original); see also Levine, 525 F.3d at 907 ("To establish [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation.") (citing Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996)). With respect to the last element, "[t]here must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc) (citation and quotation marks omitted).

Again, plaintiff's complaint is factually scarce. It does not meet the pleading requirements under Monell insofar as the Roseville Police Department is concerned. Thus, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

5

F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: December 8, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;robe2207.dismiss.lta

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 | IN THE UNITED STATES DISTRICT COURT |
| 6 | FOR THE EASTERN DISTRICT OF CALIFORNIA |

BLANCHE A. ROBERTS,

        Plaintiff,                    No. CIV 2:11-cv-2207-JAM-JFM

   vs.

ROSEVILLE POLICE DEP'T,

        Defendant.              <u>NOTICE OF AMENDMENT</u>

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                          _____

                                                 Plaintiff