IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BLANCHE A. ROBERTS,

        Plaintiff,                No. 2:11-cv-02207 TLN JFM

    vs.

ROSEVILLE POLICE DEP'T, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff, proceeding in pro per, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the individual defendants unlawfully detained her in violation of her constitutional rights under the Fourth Amendment and that the policies of the municipal defendants caused the violation of her constitutional rights. (ECF 9.) Plaintiff also alleged various state law claims in her second amended complaint. (<u>Id</u>.) On May 15, 2013, defendants filed a statement noting death pursuant to Federal Rule of Civil Procedure 25(a). (ECF 15.) That statement notifies the court of plaintiff's death on February 26, 2013. (ECF 16-1 at 2.) Defendants request permission to serve the statement noting the death to plaintiff's last known address, or on the person listed as her spouse on her death certificate.

/////

/////

1

The applicable portion of Rule 25 provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. Proc. 25(a)(1).[1]  The Ninth Circuit has noted that,

> [a]lthough Rule 25(a)(1) could be clearer, a careful reading of the rule coupled with an understanding of its function leads to the conclusion that the rule requires two affirmative steps in order to trigger the running of the 90 day period.  First, a party must formally suggest the death of the party upon the record.  Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.

Barlow v. Ground, 39 F.3d 231, 233 (9th Cir.1994) (citations omitted).  Because Rule 25 was designed to inform all interested persons of a party's death so that they may take appropriate action, "the 90 day period provided by Rule 25(a)(1) will not be triggered against [the decedent's] estate until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4."  Id. at 233-34.  See also Grandbouche v. Lovell, 913 F.2d 835, 827 (10th Cir.1990); Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir.1985).

In this case, plaintiff's successor or representative is unknown to defendants.  In an effort to determine plaintiff's potential successor or representative, defendants' counsel represent that they have conducted an investigation that included obtaining plaintiff's death certificate, reviewing the Sacramento County Superior Court file in a civil action which plaintiff filed against a private security firm based upon the same incident underlying this action and in

---

[1]  The Supreme Court held that district courts must look to the law of the forum state in order to determine whether an action brought under § 1983 survives the death of the plaintiff.  Robertson v. Wegmann, 436 U.S. 584, 589–90 (1978).  Here, defendants do not dispute that under California law plaintiff's claims survive her death.  See Cal. Code Civ. P. § 377.20.

2

1   which a person by the name of Charles Harden accepted service on plaintiff's behalf at her last

2   known address, contacting the Probate Department of Sacramento County to inquire regarding a

3   probate matter involving plaintiff, and completing a fee-based records search for the last known

4   address of plaintiff's spouse in Arizona.  (ECF 16.)  Defense counsel represents that while a

5   Eddie Driver is listed on plaintiff's death certificate as plaintiff's spouse, defendants have been

6   unable to affirmatively locate an address for Mr. Driver in Arizona.  (Id.)  However, as noted

7   above defendants have concluded that a Charles Harden did accept service at plaintiff's residence

8   on April 10, 2013.  (ECF 16-1 at 5.)  The proof of service reflecting Mr. Harden's acceptance of

9   service at plaintiff's residence after her death identifies him as plaintiff's "Life Partner."  (Id.)

10          The court finds that defendants have demonstrated that they have taken reasonable

11   steps to identify and locate plaintiff's potential successor or representative.  Service by mailing

12   the statement noting death to plaintiff's last known address and to Eddie Driver's last know

13   address in Arizona are reasonable means of notifying plaintiff's unknown successor or

14   representative of the pending litigation.  If a motion for substitution is not made within ninety

15   days from the date of service at both addresses, defendants may file a motion to dismiss pursuant

16   to Fed. R. Civ. P. 25(a)(1).

17          Accordingly, IT IS ORDERED that:

18          1.  Defendants shall serve the May 13, 2013, statement noting death on both (a)

19   plaintiff's last known address, and (b) Eddie Driver's last known address of 2200 W. San Angelo

20   St. Apt. #2142W, Gilbert, AZ 85233-2212 (ECF 17-1 at 2), pursuant to Federal Rule of Civil

21   Procedure 25(a)(3) within twenty-one days of this order; and

22          2.  Defendants shall file a certificate of service reflecting such service with the

23   court.

24   DATED: June 5, 2013.

25   _____

26   robe2207.sod

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE