UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCHE A. ROBERTS, | No. 2:11-cv-02207 TLN DAD (PS) |
| Plaintiff, | |
| v. | ORDER |
| ROSEVILLE POLICE DEP'T, et al., | |
| Defendants. | |

Plaintiff, proceeding in pro per, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants unlawfully detained her in violation of her constitutional rights under the Fourth Amendment, and that the policies of the municipal defendants caused the violation of her constitutional rights. (ECF No. 9.) On May 15, 2013, the court was notified of plaintiff's death through the filing of defendants' statement noting death. (ECF No. 16.) Presently pending before the court are the following: (1) Personal Representative of the Estate of Blanche A. Roberts' August 13, 2013 motion to substitute for deceased plaintiff and motion for leave to file "supplemental complaint" (ECF No. 22); and (2) defendants' request for dismissal pursuant to Fed. R. Civ. P. 25 (ECF No. 24). For the reasons discussed below, both the decedent plaintiff's personal representative's motion to substitute and motion to file supplemental complaint as well as defendants' request for dismissal will be denied without prejudice.

/////

1   On May 15, 2013, defendants filed a statement noting death and requested permission to
2   serve the statement on plaintiff's last known address, or on the person listed as her spouse on her
3   death certificate.[1]  (ECF No. 15.)  On June 6, 2013, this court issued an order granting
4   defendants' request and directing defendants to serve the statement noting death on both
5   plaintiff's last known address and the person listed as her spouse on her death certificate.  (ECF
6   No. 19.)  Defendants served the statement noting death on June 7, 2013.  (ECF No. 20.)
7   Accordingly, a motion for substitution by the decedent plaintiff's successor or representative was
8   due to be filed within 90 days, specifically by September 5, 2013.  Fed. R. Civ. P. 25(a)(1).

9   On August 13, 2013, the administrator of decedent plaintiff's estate, Charles Harden ("the
10  administrator of the estate"), filed motions with the court seeking to substitute in as the personal
11  representative of plaintiff and for leave to file a "supplemental complaint."  (ECF No. 22.)
12  However, Mr. Harden is not an attorney and an attorney did not file the motions on his behalf.
13  The motions were noticed incorrectly for a hearing before the assigned District Judge and that
14  incorrectly noticed hearing was vacated by court order on August 15, 2013.  (ECF No. 23.)  At
15  that time Mr. Harden was provided the opportunity to properly re-notice the motions before the
16  undersigned however he failed to do so.  (Id.)

17  On September 16, 2013, defendants filed a request for dismissal.  (ECF No. 24.)  Therein
18  defendants aver that Mr. Harden cannot maintain this action in a representative capacity.
19  Defendants further argue that because Mr. Harden failed to properly re-notice the motion for
20  substitution by the September 5, 2013 deadline, the action should be dismissed pursuant to
21  Federal Rule of Civil Procedure 25.  (ECF No. 24 at 3.)  Mr. Harden did not file a response to
22  defendant's request for dismissal.

23  Defendants are correct that the administrator of the estate cannot proceed pro se in
24  representing the decedent plaintiff's estate in this action.  See, e.g., Simon v. Hartford Life and
25  Accident Ins. Co., 546 F.3d 661, 664-65 (9th Cir. 2008) ("[C]ourts have routinely adhered to the
26  general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a

---

[1] The court notes that defendants do not dispute that under California law plaintiff's claims in this action survive her death.  (ECF No. 15.)

1  representative capacity.") (citing 28 U.S.C. § 1654).  However, notwithstanding the error in
2  setting the hearing on his motion before the assigned District Judge, the administrator of
3  plaintiff's estate timely filed a motion to substitute before the September 5, 2013 deadline.  Thus,
4  defendants' request for dismissal will be denied without prejudice.

5  Because the administrator of plaintiff's estate cannot represent the decedent plaintiff in
6  this action, the motions to substitute and to file a supplemental complaint will also be denied
7  without prejudice.  However, the court will provide the administrator of plaintiff's estate an
8  additional thirty days to retain counsel to re-file the motions on his behalf.  The administrator of
9  plaintiff's estate is hereby cautioned that failure to timely file a motion to substitute in accordance
10 with this order will result in a recommendation that this action be dismissed.

11 Accordingly, IT IS HEREBY ORDERED that:

12 1.  The administrator of the estate's motions for order substituting personal representative
13 and for leave to file supplemental complaint (ECF No. 22) are denied without prejudice to their
14 re-filing it in accordance with this order within thirty days; and

15 2.  Defendants' request for dismissal (ECF No. 24) is denied without prejudice.

16 Dated:  January 13, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

robe2207.mts

3